No. 913          December 18, 2024          891

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHANCE MICHAEL HOLLINGSWORTH,
*Defendant-Appellant.*

Coos County Circuit Court
21CR36793; A177713

Andrew E. Combs, Judge.

Submitted August 21, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Armstrong, Senior Judge.

ORTEGA, P. J.

Affirmed.

## ORTEGA, P. J.

Defendant appeals from a judgment of conviction on nine counts of various offenses relating to an encounter with a police officer: fleeing in a vehicle, ORS 811.540, fleeing on foot, ORS 811.540, second-degree escape, ORS 162.155, unlawful use of a weapon, ORS 166.220, felon in possession of a firearm, ORS 166.270, menacing, ORS 163.190 (1971), *amended by* Or Laws 2021, ch 581, § 2, reckless driving, ORS 811.140 (1983), *amended by* Or Laws 2023, ch 158, § 2, recklessly endangering, ORS 163.195, and resisting arrest, ORS 162.315. On appeal, defendant asserts four assignments of error. As we will explain, defendant's first three assignments of error are unpreserved, and we see no plain error on this record. In his fourth assignment of error, defendant argues that the evidence of suspected drugs and drug paraphernalia in his passenger's purse was irrelevant under OEC 401, and thus inadmissible under OEC 402. In the alternative, defendant argues that even if minimally relevant, the evidence was unfairly prejudicial under OEC 403. We conclude that any error in admitting the evidence was harmless. Accordingly, we affirm.

Defendant was driving with a female passenger and swerved his car into the opposite lane of oncoming traffic in front of Officer Slater's patrol car, causing Slater to move into the shoulder to avoid a collision. After Slater pursued defendant with his lights and sirens on for a few miles, defendant got out of his car and ran from Slater. Slater pursued defendant on foot, yelling that he was under arrest. Defendant responded that he was not going back to prison and continued to run. When Slater caught up to defendant, defendant told Slater, "[d]on't do this," before reaching into his pocket to partially pull out what Slater described as a small frame handgun. Defendant put it back in his pocket and continued to run after Slater drew his weapon. Slater stopped his pursuit and waited for backup. Hours later, officers found defendant and arrested him.

Police found a purse that belonged to defendant's passenger in some bushes near defendant's abandoned car. The purse contained a .40 caliber handgun, a bag containing a crystalline substance suspected to be methamphetamine,

and syringes. After police obtained a warrant to search the car, they found a box of "40-count" ammunition with 25 bullets missing, and an empty sleeve (100-count) of .22 caliber ammunition. Police also found in the back seat of the car some small plastic bags, and a small set of scales.

In his first three assignments, defendant challenges the sufficiency of the evidence to support his convictions of unlawful use of a weapon, ORS 166.220, and felon in possession of a firearm, ORS 166.270. He argues that the state's evidence was plainly insufficient to prove that the weapon he possessed was a firearm, and thus, the trial court should have *sua sponte* granted defendant a judgment of acquittal on those charges. Because these arguments are unpreserved, defendant requests plain error review. To be considered plain, an error must be "(1) one of law, (2) obvious and not reasonably in dispute, and (3) apparent on the record without requiring the court to choose among competing inferences." *State v. Ortiz*, 372 Or 658, 664, 554 P3d 796 (2024) (internal quotation marks omitted). Based on this record,[1] it was not plain error for the court to allow the charges to go to the jury because it was not obvious, and it was reasonably in dispute whether the weapon defendant possessed was not a firearm.

In his remaining assignment of error, defendant asserts that the trial court erred when it admitted evidence of suspected drugs and drug paraphernalia found in his passenger's purse. He argues that the evidence was irrelevant, and that even if minimally relevant, the evidence's prejudicial effect substantially outweighed the probative value. Defendant also asserts that the trial court failed to engage in a balancing analysis under OEC 403. The state responds that the evidence was relevant as to defendant's motive, OEC 404(3), and that it was not so prejudicial that it should be excluded under OEC 403.

We conclude that any error in admitting the evidence was harmless. Here, defendant contends that the

---

[1] Officer Slater described the object as a black small frame handgun that matched the type of ammunition found in defendant's car. Defendant reached for the object after telling Slater, "[d]on't do this," and after asserting that he wouldn't go back to prison.

evidence prejudiced the jury against him by making him out to be an illicit drug user. But other circumstantial evidence admitted at trial—the bags and the small set of scales found in defendant's car—also supported such a conclusion. Because the evidence from the passenger's purse was cumulative of other unchallenged evidence that was admitted at trial, it was unlikely to have affected the verdict.

Affirmed.